# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAY MEDINA, | CASE NO.   1:12-cv-1685-MJS (PC) |
| Plaintiff, | ORDER DISMISSING PLAINTIFF'S COMPLAINT, WITH LEAVE TO AMEND, FOR FAILURE TO STATE A CLAIM |
| v. | |
| J. CLARK KELSO, et al., | (ECF No. 1) |
| Defendants. | AMENDED COMPLAINT DUE WITHIN THIRTY DAYS |
| _____/ | |

Plaintiff Ray Medina ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  No other parties have appeared.

Plaintiff filed this action on October 15, 2012.  (Compl., ECF No. 1.)  Plaintiff's Complaint is now before the Court for screening.

## I.    SCREENING REQUIREMENT

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from

1  such relief.  28 U.S.C. § 1915A(b)(1),(2).  "Notwithstanding any filing fee, or any portion

2  thereof, that may have been paid, the court shall dismiss the case at any time if the court

3  determines that . . . the action or appeal . . . fails to state a claim upon which relief may be

4  granted."  28 U.S.C. § 1915(e)(2)(B)(ii).

5         A complaint must contain "a short and plain statement of the claim showing that the

6  pleader is entitled to relief . . . ."  Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are

7  not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by

8  mere conclusory statements, do not suffice."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)

9  (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)).  Plaintiff must set forth

10  "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'"

11  Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 555).  Facial plausibility demands

12  more than the mere possibility that a defendant committed misconduct and, while factual

13  allegations are accepted as true, legal conclusions are not.  Iqbal, 556 U.S. at 678.

14  **II.   SUMMARY OF COMPLAINT**

15         Plaintiff is currently housed at Kern Valley State Prison ("KVSP").  Plaintiff has been

16  housed at a number of other California prisons.  Plaintiff's claims arise from incidents at

17  several of those prisons.  Plaintiff names the following individuals as Defendants: 1) J.

18  Kelso, the appointed medical receiver for California Department of Corrections and

19  Rehabilitation's ("CDCR's") prisons, 2) L.D. Zamora, chief of California prison health care

20  services, 3) John Does 1-4, Wardens at KVSP, Richard J. Donovan Correctional Facility

21  ("RJD"), Folsom State Prison ("FSP"), and California Correctional Institution ("CCI"), and

22  4) D. Couto Da Silva, contract clinical psychologist at KVSP.

23         Plaintiff's allegations are as follows:

24         When Plaintiff was housed at RJD in April 2008 his cell-mate attempted to rape him.

25  (Compl. at 6.)  Plaintiff did not get proper care after the incident and attempted to commit

26  suicide.  (Id. at 7.)  He was later transferred to CCI and started receiving treatment for his

27  mental health issues.  (Id.)  Plaintiff was transferred to FSP's "psych security unit" and he

28  continued to receive treatment for his mental health conditions, including posttraumatic

1  stress disorder ("PTSD"). (Id. at 8.)

2         Plaintiff was eventually transferred to the general population at FSP, but he

3  assaulted two inmates because his aggression, anxiety, and paranoia was not being

4  treated. (Compl. at 8.) Plaintiff was transferred back to RJD where Plaintiff's medications

5  were taken away and he was placed on a reduced treatment plan. (Id. at 9.) Plaintiff then

6  was transferred back to CCI where he tried to kill himself again. (Id.) Plaintiff was

7  transferred to FSP where he was diagnosed with a number of mental conditions and

8  received proper treatment. (Id.) Supervisors at FSP fired Plaintiff's doctor once they found

9  out she was doing "non-formulary groups." (Id. at 10.)

10         Plaintiff was transferred to the general population at KVSP and placed under the

11  care of another physician who attempted to treat him. (Compl. at 10.) However, a

12  supervisor reduced Plaintiff's level of care because some of Plaintiff's conditions were not

13  authorized for treatment by the CDCR. (Id. at 10-11.) The only on-going treatment Plaintiff

14  is allowed to receive consists of high does of medication or placement in the Security

15  Housing Unit. (Id. at 11.)

16         On August 30, 2012, Plaintiff attended a treatment session with Defendant Silva.

17  (Compl. at 12.) Defendant Silva told Plaintiff she did not agree with Plaintiff's earlier

18  diagnoses and she could only refer him to a psychiatrist for medication. (Id.)

19         CDCR clinicians are told to not investigate or diagnose PTSD, and most clinicians

20  follow these instructions. (Compl. at 13.) As a result, many inmates with PTSD are placed

21  in the Security Housing Unit rather than being provided with treatment. (Id.)

22         Plaintiff alleges that his Eighth Amendment right to adequate medical care has been

23  violated. (Compl. at 14-15.)

24         Plaintiff asks that the Court issue an injunction directing that Plaintiff be provided

25  with treatment for his PTSD, general damages, special damages, and punitive damages.

26  (Compl. at 16.)

27  /////

28  /////

1   **III.    ANALYSIS**

2       **A.      42 U.S.C. § 1983 Claims**

3           42 U.S.C. § 1983 "provides a cause of action for the 'deprivation of any rights,

4   privileges, or immunities secured by the Constitution and laws' of the United States."

5   Wilder v. Virginia Hosp. Ass'n, 496 U.S. 498, 508 (1990) (quoting 42 U.S.C. § 1983).  §

6   1983 is not itself a source of substantive rights, but merely provides a method for

7   vindicating federal rights conferred elsewhere.  Graham v. Connor, 490 U.S. 386, 393-94

8   (1989).

9           To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that

10  a right secured by the Constitution or laws of the United States was violated, and (2) that

11  the alleged violation was committed by a person acting under the color of state law.  See

12  West v. Atkins, 487 U.S. 42, 48 (1988); Ketchum v. Alameda Cnty., 811 F.2d 1243, 1245

13  (9th Cir. 1987).

14      **B.      Federal Rule of Civil Procedure 18(a)**

15          Fed. R. Civ. P. 18(a) states that "[a] party asserting a claim to relief as an original

16  claim, counterclaim, cross-claim, or third-party claim, may join, either as independent or

17  as alternate claims, as many claims, legal, equitable, or maritime, as the party has against

18  an opposing party." "Thus multiple claims against a single party are fine, but Claim A

19  against Defendant 1 should not be joined with unrelated Claim B against Defendant 2.

20  Unrelated claims against different defendants belong in different suits, not only to prevent

21  the sort of morass [a multiple claim, multiple defendant] suit produce[s], but also to ensure

22  that prisoners pay the required filing fees-for the Prison Litigation Reform Act limits to 3 the

23  number of frivolous suits or appeals that any prisoner may file without prepayment of the

24  required fees. 28 U.S.C. § 1915(g)."  George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007).

25          Plaintiff's Complaint contains a number of unrelated claims that occurred at different

26  prisons.  Plaintiff should file a separate complaint for the medical care he received at each

27  stay at each prison at which he was housed.  Even though Plaintiff was housed at FSP and

28  other prisons more than once, he must file a separate complaint for each distinct stay at

1  each prison.

2      The Court will analyze Plaintiff's potential claims and provide him with the law

3  applicable to each type of claim so that he might evaluate which, if any, he feels may be

4  and should be pursued here and which, if any, may be and should be pursued in different

5  actions.

6      Plaintiff must file a separate complaint for each unrelated claim against different

7  defendants at different facilities.  If he does not, all unrelated claims will be subject to

8  dismissal.

9          **C.    Doe Defendants**

10     Plaintiff lists as Defendants, Does 1 though 4.  "As a general rule, the use of 'John

11  Doe' to identify a defendant is not favored."  Gillespie v. Civiletti, 629 F.2d 637, 642 (9th

12  Cir. 1980).  "It is permissible to use Doe defendant designations in a complaint to refer to

13  defendants whose names are unknown to plaintiff.  Although the use of Doe defendants

14  is acceptable to withstand dismissal of a complaint at the initial review stage, using Doe

15  defendants creates its own problem: those persons cannot be served with process until

16  they are identified by their real names."  Robinett v. Correctional Training Facility, 2010 WL

17  2867696, *4 (N.D.Cal. July 20, 2010).

18     Plaintiff is advised that Does 1 through 4 cannot be served by the United States

19  Marshal until he has identified them as actual individuals and amended his Complaint to

20  substitute the Defendants' actual names.  The burden remains on Plaintiff to promptly

21  discover the full name of Does 1 through 4; the Court will not undertake to investigate the

22  names and identities of unnamed defendants.  Id.  The Court will grant Plaintiff leave to

23  amend his Complaint and attempt to set forth sufficient identification.

24          **D.    Supervisory Liability**

25     Plaintiff names a governor and wardens as Defendants and  alleges they should be

26  held responsible as supervisors who oversaw the wrongful acts.

27     The Supreme Court emphasized that the term "supervisory liability," loosely and

28  commonly used by both courts and litigants alike, is a misnomer.  Iqbal, 556 U.S. at 677.

1  "Government officials may not be held liable for the unconstitutional conduct of their
2  subordinates under a theory of respondeat superior." Id. at 676.  Rather, each government
3  official, regardless of his or her title, is only liable for his or her own misconduct.

4       When the named defendant holds a supervisory position, the causal link between
5  the defendant and the claimed constitutional violation must be specifically alleged.  See
6  Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441
7  (9th Cir. 1978). To state a claim for relief under § 1983 for supervisory liability, plaintiff
8  must allege some facts indicating that the defendant either: personally participated in the
9  alleged deprivation of constitutional rights; knew of the violations and failed to act to
10 prevent them; or promulgated or "implemented a policy so deficient that the policy 'itself
11 is a repudiation of constitutional rights' and is 'the moving force of the constitutional
12 violation.'"  Hansen v. Black, 885 F.2d 642, 646 (9th Cir. 1989) (internal citations omitted);
13 Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989).

14      Plaintiff has only linked Defendants Kelso, Zamora, and Does 1-4 to his claims in
15 their supervisory capacities, rather than directly linking them to his claims.  Plaintiff has
16 failed to state a claim against these Defendants at this stage of the proceedings and will
17 be given leave to amend.

18      **E.    Eighth Amendment - Medical Care**

19      Plaintiff alleges that Defendant Silva violated his right to adequate medical care
20 under the Eighth Amendment.

21      "[T]o maintain an Eighth Amendment claim based on prison medical treatment, an
22 inmate must show 'deliberate indifference to serious medical needs.'"  Jett v. Penner, 439
23 F.3d 1091, 1096 (9th Cir. 2006) (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976)).  The
24 two part test for deliberate indifference requires Plaintiff to show (1) "'a serious medical
25 need' by demonstrating that 'failure to treat a prisoner's condition could result in further
26 significant injury or the unnecessary and wanton infliction of pain,'" and (2) "the defendant's
27 response to the need was deliberately indifferent."  Jett, 439 F.3d at 1096 (quoting
28 McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992), overruled on other grounds,

-6-

1  WMX Techs., Inc. v. Miller, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc) (internal

2  quotations omitted)).

3       Plaintiff has failed to allege a serious medical condition.  He alleges that he has a

4  mental health condition and/or PTSD but does not say what symptoms and limitations, if

5  any, accompany the conditions or otherwise explain why his is a serious medical condition.

6  Plaintiff has not adequately explained how the allegedly insufficient treatment of PTSD

7  could lead to further significant injury or wanton infliction of pain.  Plaintiff simply states, as

8  a conclusion, that the lack of treatment for PTSD has led to injuries, but does not explain

9  what these injuries were and his basis for attributing them to the lack of treatment.

10      Plaintiff will be given leave to amend this claim.  In his amended complaint, he

11 should explain why his PTSD should be considered to be a serious medical condition.

12      In addition to a serious medical condition, Plaintiff must also establish deliberate

13 indifference.  To show deliberate indifference, Plaintiff must show "a purposeful act or

14 failure to respond to a prisoner's pain or possible medical need, and harm caused by the

15 indifference."  Id. (citing McGuckin, 974 F.2d at 1060).  "Deliberate indifference is a high

16 legal standard."  Toguchi v. Chung, 391 F.3d 1051, 1060 (9th Cir. 2004).  "Under this

17 standard, the prison official must not only 'be aware of the facts from which the inference

18 could be drawn that a substantial risk of serious harm exists,' but that person 'must also

19 draw the inference.'"  Id. at 1057 (quoting Farmer v. Brennan, 511 U.S. 825, 837, 114 S.

20 Ct. 1970 (1994)).  "'If a prison official should have been aware of the risk, but was not, then

21 the official has not violated the Eighth Amendment, no matter how severe the risk.'"  Id.

22 (quoting Gibson v. Cnty. of Washoe, Nevada, 290 F.3d 1175, 1188 (9th Cir. 2002)).

23      Plaintiff has failed to allege sufficient facts to establish deliberate indifference.

24 Plaintiff alleges that Defendant Silva diagnosed Plaintiff with behavioral problems but not

25 PTSD.  Defendant Silva also indicated a willingness to refer Plaintiff to a psychiatrist.  This

26 suggests Defendant Silva did undertake to treat Plaintiff with available resources.  At this

27 stage in the proceedings, Plaintiff has not alleged that Defendant Silva acted with

28 deliberate indifference.  Plaintiff alleges that he received some amount of treatment at

KVSP.  Plaintiff will be given leave to amend this claim.

Plaintiff has failed to state an Eighth Amendment claim for inadequate medical care. Plaintiff will be given another chance to amend this claim.  In his amended complaint, he should explain what serious medical condition he was suffering from and how Defendants were individually deliberately indifferent to this condition.  Plaintiff should also review the standard for an Eighth Amendment inadequate medical care claim before filing his amended complaint.

### F.    Injunctive Relief

Plaintiff seeks injunctive relief.  He asks to receive treatment for his PTSD.

Injunctive relief is an "extraordinary remedy, never awarded as of right."  Winter v. Natural Res. Defense Council, 555 U.S. 7, 24 (2008).  "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest."  Id. (citing Munaf v. Geren, 553 U.S. 674, 689–90 (2008)).

In cases brought by prisoners involving conditions of confinement, the Prison Litigation Reform Act ("PLRA") requires that any preliminary injunction "be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct the harm."  18 U.S.C. § 3626(a).

Plaintiff has not demonstrated that he will succeed on the merits of his case. His Complaint fails to state any cognizable claim.

Plaintiff suggests a real and immediate threat of injury.  See City of Los Angeles v. Lyons, 461 U.S. 95, 101–102 (1983) (plaintiff must show "real and immediate" threat of injury, and "past exposure to illegal conduct does not in itself show a present case or controversy regarding injunctive relief . . . if unaccompanied by any continuing, present, adverse effects."). However, Plaintiff's threats of injury are vague and unclear.  The Court is unable to determine at this time how Plaintiff would suffer without treatment for his

1   PTSD.

2       Plaintiff does not address the third or fourth elements, i.e., the balancing of equities

3   and public interest concerns. First, absent a showing sufficient to find harm to Plaintiff,

4   there is nothing to tip the balance of equities in Plaintiff's favor. Second, while the public

5   has an interest in providing the best practical prisoner care, the record before the Court

6   does not justify the Court substituting its judgment in these matters for that of the prison

7   medical staff.

8       The various criteria not having been met, Plaintiff is not entitled to injunctive relief.

9   The Court will allow leave to amend.  If Plaintiff chooses to amend, he must set forth

10  sufficient facts showing the above noted elements.

11  **IV.   CONCLUSION AND ORDER**

12      Plaintiff's Complaint fails to state a claim upon which relief may be granted under

13  § 1983.   The Court will provide Plaintiff with the opportunity to amend to cure the

14  deficiencies in his claim. Lopez v. Smith, 203 F.3d at 1122, 1130 (9th Cir. 2000); Noll v.

15  Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987).  Plaintiff may not change the nature of

16  this suit by adding new, unrelated claims in his amended complaint. George v. Smith, 507

17  F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

18      Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but it must state

19  what each named defendant did that led to the deprivation of Plaintiff's constitutional rights,

20  Iqbal, 556 U.S. 676-677.  Although accepted as true, the "[f]actual allegations must be

21  [sufficient] to raise a right to relief above the speculative level. . . ." Twombly, 550 U.S. at

22  555 (citations omitted).

23      Finally, an amended complaint supercedes the prior complaint, Forsyth v. Humana,

24  Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir.

25  1987), and it must be "complete in itself without reference to the prior or superceded

26  pleading," Local Rule 220.

27      Accordingly, it is HEREBY ORDERED that:

28      1.      The Clerk's Office shall send Plaintiff a complaint form;

-9-

2.      Plaintiff's Complaint, filed October 15, 2012, is dismissed for failure to state a claim upon which relief may be granted under § 1983;

3.      Within **thirty (30) days** from the date of service of this order, Plaintiff shall file an amended complaint; and

4.      If Plaintiff fails to file an amended complaint in compliance with this order, this action will be dismissed, with prejudice, for failure to state a claim.

IT IS SO ORDERED.

Dated:    December 21, 2012            /s/ *Michael J. Seng*
                                    UNITED STATES MAGISTRATE JUDGE