1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

RAY MEDINA,

                Plaintiff,

    v.

J. CLARK KELSO, et al.,

                Defendants.

_____/

CASE NO.    1:12-cv-1685-AWI-MJS (PC)

ORDER DISMISSING PLAINTIFF'S FIRST AMENDED COMPLAINT, WITH LEAVE TO AMEND, FOR FAILURE TO STATE A CLAIM

(ECF No. 10)

SECOND AMENDED COMPLAINT DUE WITHIN THIRTY DAYS

Plaintiff Ray Medina ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  No other parties have appeared.

Plaintiff filed this action on October 15, 2012.  (Compl., ECF No. 1.)  The Court screened Plaintiff's original Complaint and dismissed it with leave to amend, for failure to state a claim.  (ECF No. 10.)  Plaintiff has since filed a First Amended Complaint.  (Am. Compl., ECF No. 14.)  Plaintiff's First Amended Complaint is now before the Court for screening.

## I.    SCREENING REQUIREMENT

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C.

1  § 1915A(a).  The Court must dismiss a complaint or portion thereof if the prisoner has

2  raised claims that are legally "frivolous or malicious," that fail to state a claim upon which

3  relief may be granted, or that seek monetary relief from a defendant who is immune from

4  such relief.  28 U.S.C. § 1915A(b)(1),(2).  "Notwithstanding any filing fee, or any portion

5  thereof, that may have been paid, the court shall dismiss the case at any time if the court

6  determines that . . . the action or appeal . . . fails to state a claim upon which relief may be

7  granted."  28 U.S.C. § 1915(e)(2)(B)(ii).

8       A complaint must contain "a short and plain statement of the claim showing that the

9  pleader is entitled to relief . . . ."  Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are

10  not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by

11  mere conclusory statements, do not suffice."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)

12  (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)).  Plaintiff must set forth

13  "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'"

14  Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 555).  Facial plausibility demands

15  more than the mere possibility that a defendant committed misconduct and, while factual

16  allegations are accepted as true, legal conclusions are not.  Iqbal, 556 U.S. at 678.

17  **II.**  **SUMMARY OF COMPLAINT**

18       Plaintiff is currently housed at Kern Valley State Prison ("KVSP"), where the events

19  at issue in Plaintiff's First Amended Complaint occurred.  Plaintiff names the following

20  individuals as Defendants: 1) J. Kelso, the appointed medical receiver for California

21  Department of Corrections and Rehabilitation's ("CDCR's") prisons, 2) M. Biter, acting

22  warden of KVSP, 3) S. Lopez, chief medical officer at KVSP, 4) D. Paz, psychiatrist and

23  E.O.P. coordinator at KVSP, 5) L.D. Zamora, chief of CDCR's prison health care services,

24  6) R.M. Hutchinson, chief executive officer at KVSP, 7) S.B. Bindler, chief psychologist at

25  KVSP, and 8) D. Couta Da Silva, contract clinical psychologist at KVSP.  He claims these

26  Defendants violated his Eighth Amendment rights.

27       Plaintiff's allegations are as follows:

28       In April 2008, while housed at Richard J. Donovan Correctional Facility, Plaintiff's

-2-

1   cell-mate attempted to rape him.  (Am. Compl. at 7.)  Plaintiff was not given proper mental
2   health care after the incident and was placed in the Secure Housing Unit ("SHU").  (Id.)
3   Plaintiff attempted suicide a few months later.  (Id.)

4       Plaintiff was transferred to a variety of prisons but only at California State Prison,
5   Sacramento, was he diagnosed with post-traumatic stress disorder ("PTSD").  (Am. Compl.
6   at 9.)  Nevertheless, Plaintiff did not receive proper treatment for the condition at this
7   prison.  (Id.)

8       Plaintiff later was transferred to KVSP.  (Am. Compl. at 10.)  He initially was seen
9   by a doctor willing to treat his PTSD.  (Id.)  However, a few weeks later Defendant Paz
10  reduced Plaintiff's level of care because the CDCR does not treat PTSD.  (Id.)  Plaintiff
11  filed a grievance regarding this, but Defendants Bindler, Hutchinson, and Zamora failed to
12  properly process the grievance.  (Id.)  Defendant Silva also informed Plaintiff that he could
13  not treat PTSD.  (Id. at 12.)  He instead diagnosed Plaintiff with bipolar disease and
14  behavioral problems.  (Id.)  Defendants Silva, Hutchinson, and Bindler found that Plaintiff
15  could only be treated for depression since the CDCR did not treat PTSD.  (Id. at 13.)
16  Plaintiff has been treated with psychotropic medicines but he also requires cognitive
17  therapy.  (Id. at 14.)

18      Due to the lack of treatment for his PTSD, Plaintiff has had various violent incidents
19  with prison personnel and other inmates.  (Am. Compl. at 11.)  With proper treatment for
20  PTSD Plaintiff might not have attempted suicide or experienced manic episodes.  (Id. at
21  13.)

22      Plaintiff requests a preliminary injunction directing Defendants to provide him with
23  cognitive therapy and also seeks general, special, and punitive damages.

24  **III.   ANALYSIS**

25      **A.   42 U.S.C. § 1983 Claims**

26      42 U.S.C. § 1983 "provides a cause of action for the 'deprivation of any rights,
27  privileges, or immunities secured by the Constitution and laws' of the United States."
28  Wilder v. Virginia Hosp. Ass'n, 496 U.S. 498, 508 (1990) (quoting 42 U.S.C. § 1983).  §

1983 is not itself a source of substantive rights, but merely provides a method for vindicating federal rights conferred elsewhere.  Graham v. Connor, 490 U.S. 386, 393-94 (1989).

To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law.  See West v. Atkins, 487 U.S. 42, 48 (1988); Ketchum v. Alameda Cnty., 811 F.2d 1243, 1245 (9th Cir. 1987).

**B.    Supervisory Liability**

Plaintiff alleges that the policies and actions of Defendants Kelso, Biter, and Lopez deprived him of adequate care for his PTSD.  It appears Plaintiff seeks to hold these Defendants responsible simply because they supervised those who committed the wrongful acts.

The Supreme Court has emphasized that the term "supervisory liability," loosely and commonly used by both courts and litigants alike, is a misnomer.  Iqbal, 556 U.S. at 677. "Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of respondeat superior."  Id. at 676.  Rather, each government official, regardless of his or her title, is only liable for his or her own misconduct.

When the named defendant holds a supervisory position, the causal link between the defendant and the claimed constitutional violation must be specifically alleged.  See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978).  To state a claim for relief under § 1983 for supervisory liability, plaintiff must allege some facts indicating that the defendant either: personally participated in the alleged deprivation of constitutional rights; knew of the violations and failed to act to prevent them; or promulgated or "implemented a policy so deficient that the policy 'itself is a repudiation of constitutional rights' and is 'the moving force of the constitutional violation.'"  Hansen v. Black, 885 F.2d 642, 646 (9th Cir. 1989) (internal citations omitted); Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989).

-4-

1    Plaintiff has not alleged that Defendants Kelso, Biter, and Lopez were directly
2  responsible for, or even aware of, the medical care Plaintiff received or failed to receive at
3  KVSP.  As such, he has failed to state a claim against these Defendants.  He was
4  previously advised of the need to tie each Defendant directly to the wrongful act.  That
5  despite such advice he failed to tie these Defendants to wrongful acts in his amended
6  complaint is reason to conclude he can not truthfully do so.  Accordingly, no useful purpose
7  would be served by once again giving him the same advice and yet another opportunity to
8  amend to try to state a claim against these Defendants.

9         **C.    Eighth Amendment - Medical Care**

10    Plaintiff alleges that Defendants Paz, Zamora, Hutchinson, Bindler, and Silva
11  violated his right to adequate medical care under the Eighth Amendment.

12    "[T]o maintain an Eighth Amendment claim based on prison medical treatment, an
13  inmate must show 'deliberate indifference to serious medical needs.'"  Jett v. Penner, 439
14  F.3d 1091, 1096 (9th Cir. 2006) (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976)).  The
15  two part test for deliberate indifference requires Plaintiff to show (1) "'a serious medical
16  need' by demonstrating that 'failure to treat a prisoner's condition could result in further
17  significant injury or the unnecessary and wanton infliction of pain,'" and (2) "the defendant's
18  response to the need was deliberately indifferent."  Jett, 439 F.3d at 1096 (quoting
19  McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992), overruled on other grounds,
20  WMX Techs., Inc. v. Miller, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc) (internal
21  quotations omitted)).

22    In addition to a serious medical condition, Plaintiff must also establish deliberate
23  indifference.  To show deliberate indifference, Plaintiff must show "a purposeful act or
24  failure to respond to a prisoner's pain or possible medical need, and harm caused by the
25  indifference."  Id. (citing McGuckin, 974 F.2d at 1060).  "Deliberate indifference is a high
26  legal standard."  Toguchi v. Chung, 391 F.3d 1051, 1060 (9th Cir. 2004).  "Under this
27  standard, the prison official must not only 'be aware of the facts from which the inference
28  could be drawn that a substantial risk of serious harm exists,' but that person 'must also

1   draw the inference.'" Id. at 1057 (quoting Farmer v. Brennan, 511 U.S. 825, 837, 114 S.
2   Ct. 1970 (1994)). "'If a prison official should have been aware of the risk, but was not, then
3   the official has not violated the Eighth Amendment, no matter how severe the risk.'" Id.
4   (quoting Gibson v. Cnty. of Washoe, Nevada, 290 F.3d 1175, 1188 (9th Cir. 2002)).

5         Plaintiff has failed to allege a serious medical condition.  He alleges that he has a
6   mental health condition that was not treated to his satisfaction but does not adequately tie
7   his symptoms and limitations to his medical condition.  The Court is unable to definitively
8   determine, based on the present allegations, whether Plaintiff's PTSD is a serious medical
9   condition.  The Court would be able to make this determination only if Plaintiff were to
10  supply additional information specifically describing his symptoms and his basis for
11  believing they are related to PTSD rather than another impairment.

12        Plaintiff has failed to establish that any Defendant acted with deliberate indifference
13  to his medical needs.  He alleges Defendants Paz and Silva failed to effectively treat his
14  PTSD and Defendants Zamora, Hutchinson, and Bindler failed to properly process his
15  grievances about the inadequate treatment.  The pleadings reflect that Plaintiff has been
16  treated for psychological and/or psychiatric conditions and symptoms.  The Court cannot
17  tell from the pleadings whether the treatment being provided is inappropriate or inadequate
18  for PTSD.

19        The amended complaint can be read as alleging that Plaintiff has not received the
20  kind of treatment he wants or that which he feels is best designed for the condition he
21  thinks is producing his symptoms.  Plaintiff has been treated with psychotropics but not
22  been given the cognitive therapy he desires.  This may reflect a simple difference in
23  opinion as to proper treatment.  "[A] difference of opinion between a prisoner-patient and
24  prison medical authorities regarding treatment does not give rise to a § 1983 claim.'"
25  Turner v. Greenman, 2011 WL 1343120, *3 (E.D. Cal. Apr. 7, 2011) (quoting Franklin v.
26  Oregon, 662 F.2d 1337, 1344 (9th Cir. 1981).  Similarly, Plaintiff has no right to a
27  guarantee of success resulting from his medical treatment.  See, e.g., Stephenson v.
28  Kaiser Found. Hospitals, 203 Cal.App.2d 631, 636, 21 Cal.Rptr. 646 (1962) ("[A] doctor is

-6-

1  not a warrantor of cures or required to guarantee results"). To show deliberate
2  indifference, he must describe some purposeful act or failure to respond to a medical need.
3  Thus, a failure of Defendants to provide the desired relief in the manner Plaintiff wishes
4  does not create a deliberate indifference claim.

5          The Court will provide Plaintiff with one more opportunity to attempt to state an
6  Eighth Amendment medical care claim. If Plaintiff chooses to amend he should try to
7  further explain why PTSD should be considered a serious medical condition and how
8  Defendants Kelso, Biter, and Lopez were deliberately indifferent to this condition.

9  **IV.    CONCLUSION AND ORDER**

10         Plaintiff's First Amended Complaint fails to state a claim upon which relief may be
11  granted under § 1983. The Court will provide Plaintiff with the opportunity to amend to cure
12  the deficiencies in his claim. Lopez v. Smith, 203 F.3d at 1122, 1130 (9th Cir. 2000); Noll
13  v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987). Plaintiff may not change the nature
14  of this suit by adding new, unrelated claims in his amended complaint. George v. Smith,
15  507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

16         Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but it must state
17  what each named defendant did that led to the deprivation of Plaintiff's constitutional rights,
18  Iqbal, 556 U.S. 676-677. Although accepted as true, the "[f]actual allegations must be
19  [sufficient] to raise a right to relief above the speculative level. . . ." Twombly, 550 U.S. at
20  555 (citations omitted).

21         Finally, an amended complaint supercedes the prior complaint, Forsyth v. Humana,
22  Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir.
23  1987), and it must be "complete in itself without reference to the prior or superceded
24  pleading," Local Rule 220.

25         Accordingly, it is HEREBY ORDERED that:

26  1.     The Clerk's Office shall send Plaintiff a complaint form;

27  2.     Plaintiff's First Amended Complaint, filed January 17, 2013, is dismissed for
28         failure to state a claim upon which relief may be granted under § 1983;

-7-

3.  Within **thirty (30) days** from the date of service of this order, Plaintiff shall file an amended complaint; and

4.  If Plaintiff fails to file an amended complaint in compliance with this order, this action will be dismissed, with prejudice, for failure to state a claim.

IT IS SO ORDERED.

Dated: ___May 31, 2013___          /s/ *Michael J. Seng*
                                    UNITED STATES MAGISTRATE JUDGE