UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAY MEDINA,<br><br>        Plaintiff,<br><br>  v.<br><br>J. CLARK KELSO, et al.,<br><br>        Defendants.<br>_____/ | CASE NO.   1:12-cv-01685-AWI-MJS (PC)<br><br>FINDINGS AND RECOMMENDATIONS FOR DENIAL OF PLAINTIFF'S MOTION FOR A PRELIMINARY INJUNCTION<br><br>(ECF No. 9)<br><br>OBJECTIONS DUE WITHIN FOURTEEN DAYS |

Plaintiff Ray Medina ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.

Plaintiff's original Complaint arose from incidents that occurred at Kern Valley State Prison, Folsom State Prison, and California Correctional Institution. (Id.) It names J. Kelso, appointed medical receiver for the California Department of Corrections and Rehabilitation, and L.D. Zamora, chief of California prison health care services, among others, as defendants. (Id.)

Plaintiff's Complaint and First Amended Complaint were dismissed by the Court for failure to state a claim. (ECF Nos. 10, 16.) Plaintiff has yet to file a Second Amended Complaint and does not currently have a pleading before the Court. Plaintiff is now housed at California State Prison, Corcoran.

Before the Court is Plaintiff's motion for a preliminary injunction. (ECF No. 9.) Plaintiff asks the Court to order treatment for posttraumatic stress disorder. (Id.)

**II.    SUMMARY OF CLAIMS AND APPLICATION**

Plaintiff alleges the following in his First Amended Complaint:

In April 2008, while housed at Richard J. Donovan Correctional Facility, Plaintiff's cell-mate attempted to rape him. (Am. Compl., ECF No. 16 at 7.) Plaintiff was not given proper mental health care after the incident and was placed in the Secure Housing Unit ("SHU"). (Id.) Plaintiff attempted suicide a few months later. (Id.)

Plaintiff was transferred to a variety of prisons but only at California State Prison, Sacramento, was he diagnosed with post-traumatic stress disorder ("PTSD"). (Am. Compl. at 9.) Nevertheless, Plaintiff did not receive proper treatment for the condition at this prison. (Id.)

Plaintiff later was transferred to KVSP. (Am. Compl. at 10.) He initially was seen by a doctor willing to treat his PTSD. (Id.) However, a few weeks later Defendant Paz reduced Plaintiff's level of care because the CDCR does not treat PTSD. (Id.) Plaintiff filed a grievance regarding this, but Defendants Bindler, Hutchinson, and Zamora failed to properly process the grievance. (Id.) Defendant Silva also informed Plaintiff that he could not treat PTSD. (Id. at 12.) He instead diagnosed Plaintiff with bipolar disease and behavioral problems. (Id.) Defendants Silva, Hutchinson, and Bindler found that Plaintiff could only be treated for depression since the CDCR did not treat PTSD. (Id. at 13.) Plaintiff has been treated with psychotropic medicines but he also requires cognitive therapy. (Id. at 14.)

Due to the lack of treatment for his PTSD, Plaintiff has had various violent incidents with prison personnel and other inmates. (Am. Compl. at 11.) With proper treatment for PTSD Plaintiff might not have attempted suicide or experienced manic episodes. (Id. at 13.)

### III. LEGAL STANDARD FOR INJUNCTIVE RELIEF

Injunctive relief, whether temporary or permanent, is an "extraordinary remedy, never awarded as of right." Winter v. Natural Res. Defense Council, 555 U.S. 7, 22 (2008).

The standards for a temporary restraining order are essentially the same as that for a preliminary injunction. "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence

of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Am. Trucking Ass'ns, Inc. v. City of Los Angeles, 559 F.3d 1046, 1052 (9th Cir. 2009), quoting Winter, 555 U.S. at 20.  An injunction may only be awarded upon a clear showing that the plaintiff is entitled to relief. Winter, 555 U.S. at 22.

Requests for prospective relief are further limited by 18 U.S.C. § 3626(a)(1)(A) of the Prison Litigation Reform Act ("PLRA"), which requires that the Court find the "relief [sought] is narrowly drawn, extends no further than necessary to correct the violation of the federal right, and is the least intrusive means necessary to correct the violation of the federal right."

Injunctive relief is to be granted "sparingly, and only . . . in clear and plain case[s]." Rizzo v. Goode, 423 U.S. 362, 378 (1976).

**IV.    ANALYSIS**

**A.    Plaintiff Has not Shown Likely Success on the Merits**

At this stage in the proceedings Plaintiff has failed to state any cognizable claim. The Court reviewed Plaintiff's original and First Amended Complaints. (ECF Nos.10, 16.) The pleadings were dismissed for failure to state a claim, but with leave to amend.  (Id.) Plaintiff has yet to file an amended complaint.  Plaintiff's failure to state a cognizable claim means he has failed to show any likely success on the merits of his claims at this time

**B.    Plaintiff Establishes No Irreparable Harm**

Plaintiff fails to assert that he will suffer from irreparable harm if his motion is not granted.  Plaintiff alleges he has broken several windows and had religious items confiscated, but does not explain why he is facing irreparable harm if he is not provided treatment for his posttraumatic stress disorder.

**C.    The Equities and Public Interest do not Favor Plaintiff**

The absence of a likelihood of success on the merits and the failure of Plaintiff to show irreparable harm leaves nothing to tip the balance of equities in Plaintiff's favor or suggest that an injunction would be in the public interest.

### D. Jurisdiction

The Court's dismissal of Plaintiff's First Amended Complaint (ECF No. 16) also means that the Court does not have jurisdiction at this time to award any preliminary injunctive relief. Assuming Plaintiff will be able to cure the deficiencies in his claims and set forth one or more viable federal claims, Plaintiff is not entitled to relief that is not narrowly drawn to correct the violation of his rights at issue in this action. The constitutional and statutory requirements applicable to equitable relief preclude Plaintiff from entitlement to generalized relief.

## V. CONCLUSION AND RECOMMENDATION

Plaintiff fails to provide facts which would enable the Court to find that he is in need of, and entitled to injunctive relief.

Accordingly, for the reasons stated above the Court RECOMMENDS that Plaintiff's motion for a preliminary injunction (ECF No. 9) be DENIED without prejudice.

This Findings and Recommendation is submitted to the assigned United States District Court Judge, pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Rule 72-304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within fourteen (14) days after being served with a copy, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated: August 15, 2013        /s/ *Michael J. Seng*
                              UNITED STATES MAGISTRATE JUDGE