1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| RAY MEDINA, | Case No.: 1:12-cv-01685-AWI-MJS (PC) |
|         Plaintiff, | ORDER DENYING PLAINTIFF'S MOTION FOR COUNSEL AND FOR RECONSIDERATION |
|    v. | (ECF No. 20) |
| J. CLARK KELSO, et al., | |
|         Defendants. | AMENDED COMPLAINT DUE WITHIN THIRTY DAYS |

_____

      Plaintiff Ray Medina ("Plaintiff") is a prisoner proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983.

      On August 7, 2013, Plaintiff filed a motion seeking the appointment of counsel and for reconsideration of the Court's order dismissing Plaintiff's First Amended Complaint, with leave to amend, for failure to state a claim,. (ECF No. 20.) No other parties have appeared in this action. Pursuant to Local Rule 230(*l*), Plaintiff's motions are now before the Court.

**I.**     **MOTION FOR RECONSIDERATION**

      **A.**     **Legal Standard**

      Fed. R. Civ. P. 60(b)(6) allows the Court to relieve a party from an order for any reason that justifies relief. Rule 60(b)(6) is to be used sparingly as an equitable remedy to prevent manifest injustice and is to be utilized only where extraordinary circumstances exist.

1

Harvest v. Castro, 531 F.3d 737, 749 (9th Cir. 2008) (quotations marks and citation omitted). The moving party must demonstrate both injury and circumstances beyond his control.  Id. (quotation marks and citation omitted).  Further, Local Rule 230(j) requires, in relevant part, that Plaintiff show "what new or different facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion," and "why the facts or circumstances were not shown at the time of the prior motion."

"A motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law," Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co., 571 F.3d 873, 880 (9th Cir. 2009) (internal quotations marks and citations omitted, and "[a] party seeking reconsideration must show more than a disagreement with the Court's decision, and recapitulation . . . " of that which was already considered by the Court in rendering its decision," United States v. Westlands Water Dist., 134 F.Supp.2d 1111, 1131 (E.D. Cal. 2001).

**B.    Discussion**

Plaintiff disagrees with the Court's decision and seeks reconsideration of the screening order dismissing, with leave to amend, his First Amended Complaint.  In screening the First Amended Complaint, the Court reviewed Plaintiff's allegations and found they did not state a cognizable claim.  The Court explained the deficiencies in each purported claim, identified the legal standards applicable to each, and gave Plaintiff the opportunity to file a new pleading.

Reconsideration is not a vehicle to obtain a second bite at the apple; it is reserved for extraordinary circumstances.  Westlands Water Dist., 134 F.Supp.2d at 1131; see also In re Pacific Far East Lines, Inc., 889 F.2d 242, 250 (9th Cir. 1989) (Fed. R. Civ. P. 60(b)(6) may provide relief where parties were confronted with extraordinary circumstances but it does not provide a second chance for parties who made deliberate choices).  Plaintiff's disagreement with the Court's decision is not grounds for reconsideration.

## II.   MOTION FOR APPOINTMENT OF COUNSEL

Plaintiff does not have a constitutional right to appointed counsel in this action, Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997), and the Court cannot require an attorney to represent plaintiff pursuant to 28 U.S.C. § 1915(e)(1).  Mallard v. United States District Court for the Southern District of Iowa, 490 U.S. 296, 298 (1989).

In certain exceptional circumstances the Court may request the voluntary assistance of counsel pursuant to section 1915(e)(1).  Rand, 113 F.3d at 1525.  However, without a reasonable method of securing and compensating counsel, the Court will seek volunteer counsel only in the most serious and exceptional cases.  In determining whether "exceptional circumstances exist, the district court must evaluate both the likelihood of success of the merits [and] the ability of the [plaintiff] to articulate his claims pro se in light of the complexity of the legal issues involved."  Id. (internal quotation marks and citations omitted).

In the present case, the Court does not find the required exceptional circumstances. Even if it is assumed that Plaintiff is not well versed in the law and that he has made serious allegations which, if proved, would entitle him to relief, his case is not exceptional.  This Court is faced with similar cases almost daily.  Further, at this early stage in the proceedings, the Court cannot make a determination that Plaintiff is likely to succeed on the merits, and based on a review of the record in this case, the Court does not find that Plaintiff cannot adequately articulate his claims.  Id.

## III.   ORDER

Accordingly, it is hereby ORDERED that:

1.      Plaintiff's motion for reconsideration (ECF No. 20) is DENIED;

2.      Within thirty (30) days from the date of service of this order, Plaintiff shall file an amended complaint;

3.      Plaintiff's motion for appointment of counsel (ECF No. 20) is DENIED without prejudice; and

3

1        4.     If Plaintiff fails to file an amended complaint in compliance with this order, this

2    action will be dismissed, with prejudice, for failure to state a claim.

8    IT IS SO ORDERED.

Dated:   October 1, 2013          /s/ *Michael J. Seng*

                                 UNITED STATES MAGISTRATE JUDGE