# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAY MEDINA,<br><br>    Plaintiff,<br><br>v.<br><br>J. CLARK KELSO, et al.,<br><br>    Defendants. | Case No.  1:12-cv-01685-AWI-MJS<br><br>ORDER TO SHOW CAUSE WHY CASE SHOULD NOT BE DISMISSED FOR FAILURE TO COMPLY WITH A COURT ORDER AND FAILURE TO STATE A CLAIM<br><br>(ECF No. 24)<br><br>AMENDED COMPLAINT DUE WITHIN FOURTEEN DAYS |

Plaintiff Ray Medina ("Plaintiff"), a pre-trial detainee, filed this civil rights action pursuant to 42 U.S.C. § 1983 on October 15, 2013.  (ECF No. 1.)

The Court screened Plaintiff's First Amended Complaint on June 3, 2013.  (ECF Nos. 14, 16.) The Court found that Plaintiff's First Amended Complaint failed to state a cognizable claim, but gave Plaintiff an opportunity to file an amended complaint on or before July 3, 2013.  (ECF No. 16.)  In lieu of filing an amended complaint, Plaintiff filed a motion for an extension of time that was granted (ECF Nos. 18, 19) and a request for reconsideration that was denied (ECF Nos. 20, 24).  The Court's last order directed Plaintiff to file an amended complaint on or before November 2, 2013.  (ECF No. 24.) November 2, 2013, has passed without Plaintiff having filed an amended complaint or a

request for an extension of time to do so.

Local Rule 110 provides that "failure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions . . . within the inherent power of the Court."  District courts have the inherent power to control their dockets and "in the exercise of that power, they may impose sanctions including, where appropriate . . . dismissal of a case."  Thompson v. Housing Auth., 782 F.2d 829, 831 (9th Cir. 1986).  A court may dismiss an action based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules.  See, e.g., Ghazali v. Moran, 46 F.3d 52, 53-54 (9th Cir. 1995) (dismissal for noncompliance with local rule); Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); Henderson v. Duncan, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for lack of prosecution and failure to comply with local rules).

Plaintiff has not adequately responded to the Court's June 3, 2013 or October 2, 2013, orders.  He will be given one more opportunity, from **fourteen (14) days** of entry of this order, and no later, to file an amended complaint or show cause why his case should not be dismissed for failure to comply with a court order and failure to state a claim.  Failure to meet this deadline will result in dismissal of this action.

IT IS SO ORDERED.

Dated:   December 2, 2013              /s/ *Michael J. Seng*
                                    UNITED STATES MAGISTRATE JUDGE

2